## Phillips's Estate.

*Cost of surety bond—Assignee for creditors.*

An assignee for the benefit of creditors has a right to include as a part of his lawful expenses in executing the trust such reasonable sum as he may have paid a surety company for becoming his surety. Clark's Estate, 195 Pa. 520, followed.

Argued Oct. 2, 1900. Appeal, No. 117, Oct. T., 1899, by W. Vernon Phillips, assignee for the benefit of creditors of F. R. Phillips, individually, and trading as the Phillips Tin Plate Company, from decree of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 1437, sustaining exceptions to auditor's report. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Per Curiam.

Exceptions to auditor's report. Before the court in banc.

It appears from the record that the assignee having filed his account, the auditor allowed the assignee as a credit the sum of $227.74 premium for a surety bond of assignee, paid to the Guarantee Trust & Safe Deposit Company of Philadelphia, the said company being chartered by the commonwealth of Pennsylvania and authorized to become surety for assignees, etc.

Exceptions were filed by the Colonial Finance Company, a creditor. The court sustained the sixth exception, which was

226, (1900).]　　Statement of Facts—Opinion of the Court.

as follows: [The learned auditor erred in allowing the accountant as a credit the sum of $227.74 premium for surety bond of assignee, paid to the Guarantee Trust & Safe Deposit Company of Philadelphia.] [1]

Assignee appealed.

*Error assigned* was in sustaining the sixth exception, reciting same.

*Peter Boyd*, for appellant.—It is respectfully submitted that this question is res adjudicata, the Supreme Court having held in Clark's Appeal, 195 Pa. 520, that the said Act of June 24, 1895, P. L. 248, is constitutional.

*Meleck, Potter & Dechert*, for appellee, filed no paper-book.

PER CURIAM, October 22, 1900:

The only question in this case is whether or not an assignee for the benefit of creditors has a right to include as part of his lawful expenses in executing the trust such reasonable sum as he may have paid to a surety company for becoming his surety. Since the date of the decree refusing to allow the accountant credit for this disbursement the constitutionality of the Act of June 24, 1895, P. L. 248, which gives the right to such credit has been passed on and affirmed by the Supreme Court in Clark's Estate, 195 Pa. 520. This settles the question in the appellant's favor.

The decree sustaining the sixth exception to the auditor's report is reversed and the record is remitted to the court below with directions to consider and determine the item excepted to on its merits as a reasonable sum paid under the act of 1895.